IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

RED RIVER RESOURCES INC., §
ENERGYTEC INC. and COMANCHE §
WELL SERVICE CORP. §
 §
    Appellants, §
 §
v. § Case No.: 4:10-cv-41
 §
WICKFORD, INC. and TCRG §
DRILLING & OPERATING, LLC §
 §
    Appellees. §

## MEMORANDUM OPINION & ORDER
## DENYING APPELLEES' MOTION TO DISMISS

Pending before the court are:

- "Wickford, Inc. and TCRG Drilling & Operating, LLC's Motion to Dismiss and Brief in Support" (Dkt. 8);

- Appellants' "Joint Response to Wickford, Inc. and TCRG Drilling & Operating, LLC's Motion to Dismiss and Brief in Support" (Dkt. 10); and

- "Wickford, Inc. and TCRG Drilling & Operating, LLC's Reply to Joint Response to Motion to Dismiss and Brief in Support" (Dkt. 7).[1]

For the reasons set out below, Wickford, Inc. ("Wickford") and TCRG Drilling & Operating, LLC's ("TCRG") motion to dismiss (Dkt. 8) is **DENIED**.

### I. BACKGROUND

This is a bankruptcy appeal. On May 13, 2009, Energytec, Inc. and Comanche Well

---

[1]Wickford, Inc. and TCRG Drilling & Operating, LLC originally filed their motion to dismiss Red River Resources, Inc. and Energytec, Inc.'s appeal in the bankruptcy court. After Wickford and TCRG's reply was filed with this court, the parties were instructed to file the motion to dismiss and Red River and Energytec's response on this court's docket.

1

Services Corporation (collectively "Energytec") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code. On November 18, 2009, Wickford and TCRG filed an adversary proceeding to determine whether Energytec had any interest in two oil and gas leases. In their complaint, Wickford and TCRG alleged that Energytec's interest in the Jennie Belcher and Garbade Leases terminated due to lack of production in paying quantities. Red River Resources, Inc. ("Red River") supplied Energytec with post-petition financing. On November 30, 2009, Red River intervened in the adversary proceeding alleging that the Belcher and Garbade leases, all oil and gas produced thereon, and all of Energytec's personal property and equipment located on the leases were collateral security of Red River. After an expedited hearing, the bankruptcy court determined that Energytec's leases on the Belcher and Garbade properties had irrevocably terminated. Red River and Energytec appeal that order. Now, in their motion to dismiss, Wickford, Inc. and TCRG Drilling & Operating, LLC (collectively "Appellees") argue Red River and Energytec's appeals should be dismissed because Red River lacks standing and Energytec's notice of appeal was untimely.

## II.  DISCUSSION

### A.  Red River's Standing on Appeal

Standing to appeal a bankruptcy order is limited to "persons aggrieved" by the order. *Rohm & Hass Tex., Inc. v. Ortiz Bros. Insulation, Inc.*, 32 F.3d 205, 210 n.18 (5th Cir. 1994). To qualify as a person aggrieved, "a party must show that it was directly and adversely affected pecuniarily by the order, or that the order diminished its property, increased its burdens or impaired its rights." *Cajun Elec. Power Coop., Inc. v. Cen. La. Elec. Co., Inc. (In re Cajun Elec. Power Coop., Inc.)*, 69 F.3d 746, 749 (5th Cir.), *withdrawn in part*, 74 F.3d 599 (5th Cir. 1995),

2

*cert. denied*, 519 U.S. 808 (1996) (internal citation omitted). Some courts also impose an additional requirement: "attendance at the Bankruptcy court's hearing on the matter addressed in the order from which an appeal is sought." *S. Pac. Transp. Co. v. Voluntary Purchasing Groups, Inc.*, 227 B.R. 788, 791 (E.D. Tex. 1998) (*citing In re Weston*, 18 F.3d 860, 864 (10th Cir. 1994)).

The person aggrieved test is an even more exacting standard than traditional constitutional standing because it requires a higher causal nexus between act and injury. *Gibbs & Bruns LLP v. Coho Energy Inc. (In re Coho Energy Inc.)*, 395 F.3d 198, 202–203 (5th Cir. 2004). The purpose of this rule is to prevent parties with only an attenuated interest in the proceeding from tying up the bankruptcy estate in prolonged litigation. Therefore, "[a]n 'indirect financial stake' in another's claims is insufficient for standing; rather, the 'injury or threat of injury must be both real and immediate.' " *Schum v. Zwirn Special Opportunities Fund LP (In re The Watch LTD)*, 257 Fed. Appx. 748, 749 (5th Cir. 2007) (unpublished) (*citing Rohm*, 32 F.3d at 208).

Here, Red River is a "person aggrieved" because it intervened in the bankruptcy court's hearing on the adversary proceeding and was aggrieved by the bankruptcy court's order. Red River's interest in the Belcher and Garbade leases stems from its role as Energytec's post-petition financier. According to the credit agreement between Red River and Energytec, Red River provides Energytec with a revolving credit facility that is secured by all property of Energytec.[2] (*See* Mot. to Dismiss Ex. B at 2.) Therefore, the bankruptcy court's ruling, which

---

[2]The Debtor-in-Possession Credit Agreement provides that Red River has:

(1) a first, priority, perfected lien upon all Energytec's right, title, and interest in,

3

clarified Energytec's interest in the Belcher and Garbade leases, served to reduce Red River's collateral. Appellate review of this decision will either confirm the bankruptcy's court's determination or alter it. Red River participated in the proceeding below and has standing to challenge that ruling here because it was aggrieved by the order and the bankruptcy court did not limit Red River's intervention. *See Am. Benefit Life Ins. Co. v. Baddock (In re First Colonial Ins. Co.)*, 544 F.2d 1291, 1298 (5th Cir. 1977), *cert. denied*, 431 U.S. 904 ("Since an intervenor is bound by future orders . . . it may appeal from an appealable order unless the intervention has been specifically limited to forbid it.").

Appellees suggest that permitting Red River to appeal will increase the risk of protracted litigation in bankruptcy proceedings with claims brought by debtor in possession lenders. (*See* Reply at 7.) However, in the present case, the underlying adversary proceeding was initiated by Appellees and Red River and Energytec's interests on appeal are aligned. Therefore, there is no danger that Red River's participation in the appeal will cause unnecessary litigation or delay.

Appellees also argue that Red River's status as an intervenor is insufficient to confer standing on appeal. Instead, Appellees claim Red River must fulfill the requirements of Article III to proceed in the current appeal. Appellee's argument has two flaws. First, courts in this circuit apply the "persons aggrieved" test to determine standing on appeal. *See In re Coho Energy Inc.*, 395 F.3d at 202. Therefore Appellee's arguments regarding Article III standing are

---

> to, and under all Collateral that is not otherwise encumbered by a valid security interest or lien on the petition date pursuant to 11 U.S.C. § 364(c)(2) and
> (2) a first, priority, senior, priming, perfected lien upon all Collateral subject to Permitted Liens pursuant to 11 U.S.C. § 364(c)(3).

(Mot. to Dismiss Ex. B at 2.)

4

irrelevant. Second, the facts in the present case are distinguishable from those in *Diamond v. Charles*, 476 U.S. 54 (1986), which Appellees cite for the proposition that intervention below is not sufficient to confer standing on appeal. In *Diamond*, the Court held that "an intervenor's right to continue a suit in the absence of the party on whose side intervention was permitted is contingent upon a showing by the intervenor that he fulfills the requirements of Art. III." 476 U.S. at 68. Even if this analysis was applicable in the bankruptcy context, critical to the *Diamond* Court's determination was the fact that only the intervenor sought appellate review. In the present, case both Red River and Energytec seek to appeal the bankruptcy court's order. Therefore the analysis in *Diamond* cannot be applied here.

Appellees' remaining arguments go to the merits of the bankruptcy court's decision allowing Red River to intervene and are not relevant to the issue of standing presently before the court.

**B. Timeliness of Energytec's Appeal**

Appellees also argue that Energytec's notice of appeal was untimely because it was "piggybacked" on Red River's improper notice of appeal. (Mot. to Dismiss at 5.) Because the court has determined Red River has standing to appeal, Appellee's argument concerning Energytec's notice of appeal is moot.

### III. CONCLUSION

As explained above, Appellees motion to dismiss(Dkt. 8) is **DENIED**.

**IT IS SO ORDERED.**

SIGNED this the 9th day of August, 2010.

*Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

5